IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| KYRA BERNHARDT, *in her individual capacity and as personal representative of the Estate of Gene Bernhardt*,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF HAWAIʻI, *et al.*,<br><br>Defendants. | Case No. 19-cv-00209-DKW-KJM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS COUNTS 5-10** |

Defendants Stanley Kaina and the County of Hawaiʻi (collectively, Defendants) move for dismissal of Counts 5-10 of the Complaint on a single ground: Plaintiff failed to comply with the two-year pre-suit notice requirement of Hawaiʻi Revised Statutes Section 46-72 (Section 46-72). Plaintiff responds with two principal arguments: (1) that Section 46-72 does not apply according to its terms because the alleged injury-causing incident did not occur on a street, alley, sidewalk, or other public place; and (2) even if it did, she provided the requisite notice to the County of Hawaiʻi (County) within two years of the accrual of her claims. While the Court agrees that Section 46-72 does not apply to each of Counts 5-10, the Court disagrees that Plaintiff timely provided notice to the County pursuant to Section

46-72. As a result, the motion to dismiss, Dkt. No. 9, is GRANTED IN PART and DENIED IN PART, as more fully described below.

## BACKGROUND

### I. The Complaint

Plaintiff Kyra Bernhardt (Plaintiff), in her individual capacity and as the personal representative of the Estate of Gene Bernhardt, initiated this case with the filing of the Complaint on April 24, 2019. Plaintiff alleges the following facts pertinent to the instant motion to dismiss.

In the days prior to April 29, 2017, Gene Bernhardt (Bernhardt) set up a makeshift camp site on his property located at 35-311 Papaaloa Road, Papaaloa, Hawaiʻi. Compl. at ¶¶ 6, 9, 16, Dkt. No.1. Bernhardt's property bordered the road and part of his camp site obstructed the road. *Id*. at ¶ 16. The camp site was covered by a tarpaulin, and Bernhardt slowly added more belongings from his residence to the site. *Id*. On April 29, 2017, Bernhardt encountered three males and a female in a grey SUV. *Id*. at ¶ 17. The individuals in the SUV brandished a handgun, threatening to kill Bernhardt for leaving things in their way. *Id*.

The Complaint does not allege how the encounter between Bernhardt and the individuals in the SUV came to an end. Instead, the Complaint alleges that, after the encounter, the individuals in the SUV bumped into Stanley Kaina (Kaina), a Hawaiʻi Police Department Officer, and falsely reported that Bernhardt had

2

threatened and pointed a rifle at them when they asked him to clear the road. *Id*. at ¶¶ 4, 17. The Complaint further alleges that Bernhardt feared for his life and texted Plaintiff, his wife, to that effect, asking her to call 911. *Id*. at ¶ 18. Heeding Bernhardt's request, Plaintiff spoke with Police Lieutenant J. Grantz (Grantz) twice, once at roughly 3:19 p.m. and again at 3:33 p.m. *Id*. at ¶ 19. During these two conversations, Plaintiff asked Grantz to check on Bernhardt and told him, *inter alia*, that Bernhardt had post-traumatic stress disorder (PTSD), had not been sleeping for a few days, and was upset because vandals had cut a diesel line on his property and brandished a handgun. *Id*. at ¶ 21.

At about 3:39 p.m., Grantz turned on his recording device and drove to Bernhardt's property, arriving roughly six minutes later. *Id*. at ¶ 27. At the property, Grantz was met by Kaina and Officer J. Pacheco. *Id*. at ¶ 28. Grantz observed that there were a lot of household items abutting the road. *Id*. at ¶ 29. At some point, Grantz talked with Bernhardt. *Id*. at ¶ 31. Using profanity, Bernhardt told Grantz about the encounter with the individuals in the SUV, telling Grantz to do his job by looking for them. *Id*. at ¶ 32. At some point, Bernhardt stated that he was going to feed his animals. *Id*. at ¶ 36. Also at some unalleged point, Bernhardt picked up a crossbow and iPad he owned from the top of a trash can, "as if to leave the area." *Id*. at ¶ 39. Then, 15 minutes and 39-40 seconds into "the

recording[,]"[1] Kaina fired three shots in rapid succession and Bernhardt is heard moaning and falling to the ground. *Id*. at ¶ 40. In a statement, Grantz reported that Bernhardt was "about seven feet away" when the shots were fired. *Id*. at ¶ 46. The Complaint further alleges that, at the time Bernhardt was shot, he had turned past Grantz, was directly facing Kaina, and his upper body was bent over at the waist. *Id*. at ¶ 50.

In the Complaint, Plaintiff asserts claims against the County, Kaina, and various Jane/John Doe persons and entities. While 10 total causes of action are asserted in the Complaint, because the instant motion to dismiss relates only to Counts 5-10, the Court summarizes only those claims herein. Count 5 is for wrongful death, and accuses Defendants of engaging in conduct with malice and intent to injure Bernhardt. Count 6 is for negligent training and supervision against the County. Count 7 is for negligence, accusing Defendants of breaching a duty of care to Plaintiff. Count 8 is for gross negligence, accusing Defendants of acting with reckless disregard that caused injury to Plaintiff. Count 9 is for intentional infliction of emotional distress, accusing Defendants of intentional conduct beyond the bounds of decency. Finally, Count 10 is for negligent infliction of emotional distress, accusing Defendants of negligent conduct that caused Plaintiff to suffer emotional distress.

---

[1] Although it is not stated, the referenced "recording" is presumably the one made by Grantz's recording device.

## II. The Motion to Dismiss

The motion to dismiss seeks dismissal of Counts 5-10 pursuant to Federal Rule of Civil Procedure 12(b)(1) due to an asserted lack of subject matter jurisdiction. Dkt. No. 9. Defendants argue that such dismissal is appropriate because Plaintiff failed to comply with Section 46-72. More specifically, Defendants assert that, pursuant to Section 46-72, in order to recover damages from the County, a party must first provide notice of a claim within two years of an injury's accrual. Defendants assert that Plaintiff failed to do this, given that the alleged incident occurred on April 29, 2017 and, as of May 8, 2019, the County had received no notice of Plaintiff's claims.

In opposition to the motion to dismiss, Plaintiff responds with three arguments. Dkt. No. 20. First, Plaintiff argues that she complied with Section 46-72 because her claims did not accrue until early December 2018 "after she formed a reasonable belief that she had a cause of action against the County and the shooter for wrongfully killing her husband" and because notice of her claims was then provided to the County on May 17, 2019, only a few months later. Second, Plaintiff argues that Section 46-72 does not apply to the alleged facts of this case because Bernhardt was shot on his own property, rather than a street, avenue, alley, sidewalk, or other public place. Third, Plaintiff argues that Section 46-72 only

5

requires notice where negligence is alleged and therefore does not cover the intentional or reckless claims alleged in the Complaint.

After a reply in support of the motion to dismiss was filed, Dkt. No. 21, the Court elected to decide the motion without a hearing, Dkt. No. 22. This Order now follows.

## STANDARD OF REVIEW

Pursuant to Rule 12(b)(1), a party may move for dismissal of a claim or claims due to a lack of subject matter jurisdiction. When deciding such a motion, a district court may consider extra-pleading material submitted by the parties, such as affidavits, and, if necessary, resolve factual disputes. *Assoc. of Am. Med. Colleges v. United States*, 217 F.3d 770, 778 (9th Cir. 2000). The burden of establishing subject matter jurisdiction "'rests upon the party asserting jurisdiction[,]'" *id*. (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)), which here is Plaintiff.

## DISCUSSION

In arguing that this Court lacks subject matter jurisdiction over Counts 5-10, Defendants rely upon Section 46-72. As a result, the Court begins by setting forth that provision in toto:

> Before the county shall be liable for damages to any person for injuries to person or property received upon any of the streets, avenues, alleys, sidewalks, or other public places of the county, or on account of any negligence of any official or employee of the county, the person

6

> injured, or the owner or person entitled to the possession, occupation, or use of the property injured, or someone on the person's behalf, within two years after the injuries accrued shall give the individual identified in the respective county's charter, or if none is specified, the chairperson of the council of the county or the clerk of the county in which the injuries occurred, notice in writing of the injuries and the specific damages resulting, stating fully when, where, and how the injuries or damage occurred, the extent of the injuries or damages, and the amount claimed.

Defendants argue that because Plaintiff did not provide the notice required by Section 46-72 within two years of when her alleged injuries accrued, which Defendants assert occurred on the April 29, 2017 date of the alleged shooting, this Court lacks jurisdiction over Counts 5-10. In response, Plaintiff argues that she provided the notice that Section 46-72 requires and did so timely because she served the Complaint on the County Clerk in May 2019 within two years of her claims having accrued. According to Plaintiff, her claims did not accrue until "early December 2018" when "she formed a reasonable belief that she had a cause of action against the County and the shooter for wrongfully killing her husband." In reply, citing *Hays v. City and Cty. of Honolulu*, 917 P.2d 718 (Haw. 1996), Defendants argue that Plaintiff misapprehends the proper statutory accrual date -- Section 46-72's two-year notice requirement is triggered when a claimant's injuries accrue, not when a plaintiff reasonably believes she has a cause of action.

As an initial matter, the Court observes that, to the extent a notice period applies, the parties agree it is a two-year notice period. The parties also agree that

7

the alleged shooting of Bernhardt occurred on April 29, 2017. It also does not appear to be disputed, and Plaintiff affirmatively asserts, that she provided notice of her alleged injuries to the County Clerk on May 17, 2019. The only serious dispute, then, is *when* the alleged injuries accrued so as to trigger the start of the two-year notice period.

The Court agrees with Defendants that the alleged *injuries* accrued on April 29, 2017, and, therefore, if Section 46-72 is applicable to Counts 5-10, a matter that is addressed *infra*, Plaintiff provided untimely notice of her alleged injuries when she served the County Clerk on May 17, 2019.

The foregoing dispute is resolved by consulting the text of Section 46-72. That provision starts the clock ticking for providing notice on the date when a person's *injuries* accrued. The result of this language is that a plaintiff has to bring her claims within two years of the alleged injuries. In this case, that means within two years of April 29, 2017. This is the same result that the Hawaiʻi Supreme Court reached in *Silva v. City & Cty. of Honolulu*, 165 P.3d 247 (Haw. 2007), albeit when Section 46-72 provided for only a six-month notice period. In *Silva*, the personal representatives of the Estate of Kevin Silva sought damages for, *inter alia*, wrongful death and their own emotional distress from Mr. Silva's death. *Id*. at 254. With respect to timeliness, the Hawaiʻi Supreme Court concluded that, because "the

8

Plaintiffs did not file their complaint within six months of Kevin's injuries, it was categorically untimely …." *Id*. at 256.

Here, Plaintiff agrees that notice was not provided to the County until May 17, 2019. Dkt. No. 20 at 5, 7.[2] May 17, 2019, though, is not within two years of Bernhardt's injuries on April 29, 2017. Plaintiff's only apparent argument against the inevitable result of the foregoing dates is that she did not form "a reasonable belief that she had a cause of action against the County and the shooter" until early December 2018. *Id*. at 7. However, that argument is premised upon a misreading of the statutory language. In other words, at best, Plaintiff assumes that Section 46-72 provides for a notice period that runs from the date a *claim* accrues.[3] Instead, the express text of Section 46-72 provides for a notice period that runs from the date an *injury* accrues. As a result, because notice was not provided within two years of Bernhardt's *injuries*, assuming Section 46-72 applies, Counts 5-10 are untimely. *See Silva*, 165 P.3d at 256.

---

[2]In citing to the page numbers of Plaintiff's response brief, the Court cites the page numbers provided by the CM/ECF system in the top right-hand corner of the response, rather than the page numbers at the bottom of each page, because the latter page numbers are inaccurate, given that the number "2" appears at the bottom of both the second and third page of the response.
[3]The Court says "at best" because, as Defendants' reply asserts, Plaintiff's "reasonable belief that she had a cause of action" is not the same thing as Plaintiff discovering Defendants' alleged acts. *See* Dkt. No. 21 at 3-4 (citing *Hays*).

This leaves the question of whether Section 46-72 applies to Counts 5-10. Plaintiff offers one principal reason why Section 46-72 does not.[4] Specifically, Plaintiff argues that Section 46-72 only applies to injuries occurring on the streets, avenues, alleys, sidewalks, or other public places of the county and, because Bernhardt was injured on his own property, Section 46-72 necessarily does not apply. The Court agrees, but only in part.

As Plaintiff has recognized, the words "streets, avenues, alleys, sidewalks, or other public places of the county" appear in Section 46-72. Those words appear after that part of Section 46-72 concerning the County's "liab[ility] for damages to any person for injuries to person or property…." What Plaintiff does not acknowledge, however, is that the foregoing language is contained in only one of the two clauses concerning a county's liability. As this Court explained in *Nakamoto*, "[t]he statute applies to claims for damages to any person for injuries to person or property … **or** on account of any negligence of any official or employee of the county." *Nakamoto v. Cty. of Hawai'i*, 2018 WL 2750224, at *4 (D. Haw. June 7, 2018) (quotation omitted, ellipsis and emphasis in original). In other words, as this

---

[4]Plaintiff also makes a second argument as to why Section 46-72 does not apply: Section 46-72 does not apply to intentional or reckless acts. The undersigned, however, has already rejected that specific argument. *Nakamoto v. Cty. of Hawai'i*, 2018 WL 2750224, at *3-4 (D. Haw. June 7, 2018). Because Section 46-72 has not changed since June 2018, and Plaintiff provides no reason to reconsider *Nakamoto*, the Court declines to further address this second argument.

Court interprets the scope of Section 46-72,[5] other than injuries on account of any negligence by an officer or employee of the county, an injury must take place on the streets, avenues, alleys, sidewalks, or other public places of the county in order for Section 46-72 to apply. Injuries on account of any negligence may occur in *any place* (public or private) with Section 46-72 still applying.

The practical result for Counts 5-10 is as follows. Counts 5 and 9 allege intentional action on the part of Defendants. While it is not abundantly clear from the Complaint where the injuries alleged therein occurred, in the response to the motion to dismiss, Plaintiff asserts that they occurred on Bernhardt's private property. Defendants do not challenge that contention, at least not for present purposes. As a result, for purposes of Rule 12(b)(1) and on the present record, the Court finds that there is subject matter jurisdiction over Counts 5 and 9 because Section 46-72 does not apply to those claims. The same is not the case for Counts 6, 7, 8, and 10 because each of those claims allege some form of negligence on the part of Defendants. This is true even of Count 8, which is a claim for gross *negligence*. *See* Haw. Rev. Stat. § 46-72 ("or on account of *any* negligence…") (emphasis added); *see also Pancakes of Haw., Inc. v. Pomare Properties Corp.*, 944 P.2d 83, 90 (Haw. Ct. App. 1997) ("Gross negligence is a manifestly smaller amount of watchfulness and circumspection than the circumstances require of a person of

---

[5]The Court notes that this interpretation is made without any attempt from Defendants to provide a contrary interpretation in reply or to otherwise address this argument from Plaintiff.

ordinary prudence. But it is something less than willful, wanton and reckless conduct.") (quotation omitted).[6] Because Section 46-72 does not cabin *where* the negligence of county officials or employees must take place, Section 46-72 applies to Plaintiff's claims of negligence irrespective of whether the alleged injuries occurred on public or private property. As a result, the Court finds that there is a lack of subject matter jurisdiction over Counts 6, 7, 8, and 10 because Section 46-72 applies to those claims and, as discussed earlier, notice was not timely provided. Moreover, because this deficiency cannot be cured by amendment, the Court denies leave to amend those claims.

Accordingly, the motion to dismiss is granted in part and denied in part.

## **CONCLUSION**

For the reasons set forth herein, the motion to dismiss, Dkt. No. 9, is GRANTED IN PART and DENIED IN PART. Counts 6, 7, 8, and 10 are dismissed without leave to amend, while Counts 5 and 9 (as well as Counts 1-4, which are not subjects of the instant motion to dismiss) may proceed.

IT IS SO ORDERED.

Dated: September 11, 2019 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge

---

[6] As such, although, in the Complaint, Plaintiff appears to allege that Defendants were grossly negligent because they acted with "reckless disregard[,]" Count 8 is still a claim "on account of any negligence…."